STEVEN M. SPECTOR (SBN: 51623)
    Email: sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN 227691)
    Email: anapolitano@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-15088-TD |
| FAWN RIDGE PARTNERS, LP, | Chapter 11 |
| Debtor. | **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** |

**Disclosure Statement Hearing:**

| | |
|---|---|
| Date: | October 21, 2009 |
| Time: | 10:00 a.m. |
| Place: | Courtroom 1345 |
| | 255 East Temple Street |
| | Los Angeles, California 90012 |

**Plan Confirmation Hearing:**

| | |
|---|---|
| Date: | TBD |
| Time: | TBD |
| Place: | Courtroom 1345 |
| | 255 East Temple Street |
| | Los Angeles, California 90012 |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 3786750v2

F 3018-1

DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

I. INTRODUCTION ..................................................................................................... 1

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ........................... 1

    A.   General Overview .......................................................................................... 1

    B.   Unclassified Claims ....................................................................................... 1

        **1.**   **Administrative Expenses** ..................................................................... 1

        **2.**   **Priority Tax Claims.** ............................................................................. 2

    C.   Classified Claims and Interests ..................................................................... 3

        **1.**   **Classes of Secured Claims** .................................................................. 3

        **2.**   **Classes of Priority Unsecured Claims** ................................................. 4

        **3.**   **Class of General Unsecured Claims** ..................................................... 4

        **4.**   **Class(es) of Interest Holders** .............................................................. 4

    D.   Means of Performing the Plan ....................................................................... 5

        **1.**   **Funding for the Plan** .......................................................................... 5

        **2.**   **Post-confirmation Management** ......................................................... 5

        **3.**   **Disbursing Agent** ................................................................................ 5

III. TREATMENT OF MISCELLANEOUS ITEMS ............................................................ 5

    A.   Executory Contracts and Unexpired Leases ................................................. 5

        **1.**   **Assumptions** ....................................................................................... 5

        **2.**   **Rejections** ........................................................................................... 6

    B.   Changes in Rates Subject to Regulatory Commission Approval ................... 6

    C.   Retention of Jurisdiction .............................................................................. 6

IV. EFFECT OF CONFIRMATION OF PLAN ................................................................. 6

    A.   Discharge ...................................................................................................... 6

    B.   Revesting of Property in the Debtor ............................................................. 7

    C.   Modification of Plan .................................................................................... 7

    D.   Post-Confirmation Status Report ................................................................ 7

    E.   Quarterly Fees ............................................................................................. 7

    F.   Post-Confirmation Conversion/Dismissal ................................................... 7

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 3786750v2

F 3018-1

DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

**TABLE OF CONTENTS**
**(Cont.)**

Page(s)

G.    Final Decree ............................................................................................. 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.

## INTRODUCTION

Fawn Ridge Partners, LP, debtor and debtor in possession in the above-captioned bankruptcy case ("Debtor"), is the debtor in a Chapter 11 bankruptcy case. On March 5, 2009, Debtor commenced its bankruptcy case by filing a voluntary Chapter 11 bankruptcy petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan of Reorganization (the "Plan") proposed by Debtor ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganizing plan. In other words, the Proponent seeks to accomplish payments under the Plan by contribution of "new value" by Debtor's principals to fund plan payments pursuant to the Plan. The Effective Date of the proposed Plan is January 1, 2010.

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.    General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

### B.    Unclassified Claims

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

#### 1.    Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(2). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 3786750v2

F 3018-1

DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

agrees to a different treatment.  The following chart lists all of the Debtor's § 507(a)(2)

administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Property Taxes | $6,626.54 | Paid in full on Effective Date |
| Professional Fees | $40,000 (est.) | $10,000 balance to be paid on Effective Date |
| Clerk's Office Fees | None | All fees have been paid. |
| Office of the U.S. Trustee Fees | $325 | Paid in full on Effective Date |
| | Total: $46,951.54 | |

### Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart. For all fees except

Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a

properly noticed fee application and the Court must rule on the application.  Only the amount of

fees allowed by the Court will be required to be paid under this Plan.

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described

by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax

claim receive the present value of such claim in deferred cash payments, over a period not

exceeding six years form the date of the assessment of such tax.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their

treatment under the Plan:

| Description | Amount Owed | Treatment | |
|-------------|-------------|-----------|---|
| Ventura County Tax Collector<br><br>Type of tax:  Property Tax<br><br>Date tax assessed: Various | $14,608.38 | ☐ Pymt interval<br>☐ Pymt amt/interval<br>☐ Begin date<br>☐ End date<br>☐ Interest Rate %<br>☐ Total Payout Amount 100 % | = Quarterly<br>= $801.50<br>= 01/01/2010<br>= 10/01/2014<br>= 4%<br>= $16,030.00 |

C.    **Classified Claims and Interests**

    1.    **Classes of Secured Claims**

       Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

**Class 1 – Impaired:** Claims in this class are entitled to vote on the Plan.

| DESCRIPTION | | TREATMENT | |
|---|---|---|---|
| Secured claim of: | | | |
| ☐ Name = | Bank of America, N.A. | ☐ Pymt interval | = Monthly |
| ☐ Collateral description = | Rainfield Property | ☐ Pymt amt/interval | = $7,700.00 |
| ☐ Collateral value = | $1,400,000 | ☐ Balloon pymt | = $1,212,182.29 |
| ☐ Priority of security int. = | First | ☐ Begin date | =1/1/2010 |
| ☐ Principal owed = | $1,760,000 | ☐ End date | = 12/31/2016 |
| ☐ Pre-pet. arrearage amount = | $47,666.65 | ☐ Interest rate % | =5% |
| ☐ Post-pet. arrearage amount = | $39,083.32 | ☐ Total Payout | = $1,858,982.29 |
| ☐ Total claim amount = | $1,846,749.97 | ☐ Treatment of Lien | = Preserved |
| ☐ Insider = | No | | |
| ☐ Impaired = | Yes | | |

**Class 2 – Impaired:** Claims in this class are entitled to vote on the Plan.

| DESCRIPTION | | TREATMENT | |
|---|---|---|---|
| Secured claim of: | | | |
| ☐ Name = | Bank of America, N.A. | ☐ Pymt interval | = None |
| ☐ Collateral description = | Rainfield Property | ☐ Pymt amt/interval | = N/A |
| ☐ Collateral value = | $1,400,000 | ☐ Balloon pymt | = None |
| ☐ Priority of security int. = | Second | ☐ Begin date | = N/A |
| ☐ Principal owed = | $220,000 | ☐ End date | = N/A |
| ☐ Pre-pet. arrearage amount = | $5,500 | ☐ Interest rate % | = N/A |
| ☐ Post-pet. arrearage amount = | $4,400 | ☐ Total Payout | = None |
| ☐ Total claim amount = | $229,900 | ☐ Treatment of Lien | = Released |
| ☐ Insider = | No | ☐ Unsec. Deficiency | = $229,900 |
| ☐ Impaired = | Yes | | |

**2.    Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtor's 507(a)(3), (a)(4), (a)(5), (a)(6), and (a)(7) priority unsecured claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| NONE | N/A | N/A | N/A |

**3.    Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the class containing all of Debtor's general unsecured claims:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 3 | General unsecured claims<br>☐ Total amt of claims = $783,992.32 | YES Claims in this class are entitled to vote on the Plan. | ☐ Pymt interval = Quarterly<br>☐ Pymt amt/interval = $958.00<br>☐ Begin date = 01/01/2010<br>☐ End date = 12/31/2016<br>☐ Interest rate % = 4%<br>☐ Total payout   3% = $26,824.00 |

**4.    Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder.

The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| 4 | Interest holders | **NO.** Deemed to accept Plan. | Interest retained. |

**D.      Means of Performing the Plan**

      **1.      Funding for the Plan**

The Plan will be funded by the following:  New value contributions of capital by Richard L. Darling sufficient to fund Plan payments.

      **2.      Post-confirmation Management**

Debtor's general manager will remain Fawn Ridge, LLC, which will continue to manage Debtor post-petition.

      **3.      Disbursing Agent**

Fawn Ridge, LLC shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

**III.**

**TREATMENT OF MISCELLANEOUS ITEMS**

**A.      Executory Contracts and Unexpired Leases**

      **1.      Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan (see Exhibit A for more detailed information on unexpired leases to be assumed and Exhibit B for more detailed information on executory contracts to be assumed):  Equity Sharing Agreement between Debtor and Richard L. Darling and Colleen M. Darling.

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor.  The Order of the Court confirming the

1    Plan shall constitute an Order approving the assumption of each lease and contract listed above.

2    If you are a party to a lease or contract to be assumed and you object to the assumption of your

3    lease or contract, you must file and serve your objection to the Plan within the deadline for

4    objecting to the confirmation of the Plan. See Section I.B.3. of the Disclosure Statement

5    describing this Plan for the specific date.

6         **2.    Rejections**

7         On the Effective Date, the following executory contracts and unexpired leases will be

8    rejected: NONE

9         The order confirming the Plan shall constitute an order approving the rejection of the lease

10   or contract. If you are a party to a contract or lease to be rejected and you object to the rejection

11   of your contract or lease, you must file and serve your objection to the Plan within the deadline

12   for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

13        THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM

14   ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS 30 DAYS AFTER THE

15   DATE OF CONFIRMATION OF THE PLAN. Any claim based on the rejection of an executory

16   contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court

17   later orders otherwise.

18   **B.    Changes in Rates Subject to Regulatory Commission Approval**

19        This Debtor is not subject to governmental regulatory commission approval of its rates.

20   **C.    Retention of Jurisdiction**

21        The Court will retain jurisdiction to the extent provided by law.

22                          **IV.**

23              **EFFECT OF CONFIRMATION OF PLAN**

24   **A.    Discharge**

25        This Plan provides that upon confirmation of the Plan, Debtor shall be discharged of

26   liability for payment of debts incurred before confirmation of the Plan, to the extent specified in

27   11 U.S.C. § 1141. However, any liability imposed by the Plan will <u>not</u> be discharged.

28

**B.     Revesting of Property in the Debtor**

      The confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.     Modification of Plan**

      The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the plan before confirmation.

      The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) if the Court authorizes the proposed modifications after notice and a hearing.

**D.     Post-Confirmation Status Report**

      Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.     Quarterly Fees**

      Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.     Post-Confirmation Conversion/Dismissal**

      A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 3786750v2

7

1    **G.**    <u>**Final Decree**</u>

2           Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the

3    Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall

4    file a motion with the Court to obtain a final decree to close the case.

5

6    Date: August 31, 2009

7

8                  <u>Fawn Ridge Partners, LP - Debtor      </u>
Name and Identity of Plan Proponent

9

10                 <u>  */s/ Steven M. Spector, Esq.*      </u>    Signature of Attorney for Plan Proponent

11                 <u>Steven M. Spector, Esq.      </u>    Name of Attorney for Plan Proponent

12                 <u>Buchalter Nemer, PC      </u>    Name of Law Firm for Plan Proponent

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **EXHIBIT A - UNEXPIRED LEASES TO BE ASSUMED**

2

3                                    NONE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 3786750v2

**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

## EXHIBIT B - EXECUTORY CONTRACTS TO BE ASSUMED

| CONTRACT | DEFAULT/DMGS | METHODS OF CURE |
|---|---|---|
| ☐ Contract description =<br><br>☐ Equity Sharing Agreement<br><br>Contracting parties =<br><br>1. Fawn Ridge Partners, LP<br>2. Darling Family Trust | ☐ Default amt = None<br>☐ Actual pecuniary loss = N/A | ☐ Method of curing default<br>& loss = N/A<br><br>☐ Means of assuring performance = N/A |

BUCHALTER NEMER, a professional corporation

By:   /s/ Steven M. Spector.
        STEVEN M. SPECTOR

Attorneys for Debtor and Debtor in Possession

| | |
|---|---|
| In re: FAWN RIDGE PARTNERS, LP | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 2:09-bk-15088-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017.

The foregoing document described as **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 31, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Steven M. Spector - sspector@buchalter.com, IFS_efiling@buchalter.com
Anthony J. Napolitano – anapolitano@buchalter.com, IFS_efiling@buchalter.com
Cassandra J Richey on behalf of Interested Party Courtesy NEF - cmartin@pprlaw.net
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On August 31, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

Debtor
Fawn Ridge Partners, LP
9606 Santa Monica Blvd., Third Floor
Beverly Hills, CA 90210

Honorable Thomas B. Donovan
United States Bankruptcy Court -
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/31/09 | Sandra I. Alarcon | /S/ Sandra I. Alarcon |
|---|---|---|
| Date | Type Name | Signature |

BN 2880820v1