STEVEN M. SPECTOR (SBN: 51623)
    Email: sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN 227691)
    Email: anapolitano@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Appellant Fawn Ridge Partners, LP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FAWN RIDGE PARTNERS, LP,<br><br>        Debtor. | Case No. 2:09-bk-15088-TD<br><br>Chapter 11<br><br>**EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>[Emergency Hearing Requested Pursuant to Local Bankruptcy Rule 9075-1(a)]<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Courtroom 1345<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

# TABLE OF CONTENTS

I. INTRODUCTION ......................................................................................................... 1

II. STATEMENT OF FACTS .......................................................................................... 2

III. ARGUMENT .............................................................................................................. 4

    A.   PROCEDURE AND STANDARD GOVERNING STAYS PENDING APPEAL. ............ 4

    B.   STANDARDS GOVERNING DISCRETIONARY STAYS PENDING APPEAL. ........... 4

    C.   THE COURT SHOULD GRANT THE EMERGENCY MOTION SINCE FAWN RIDGE HAS MET THE REQUIREMENTS NECESSARY TO OBTAIN A STAY PENDING APPEAL OF THE RELIEF ORDER. ............................................................................ 5

        1.   FAWN RIDGE IS LIKELY TO PREVAIL ON THE MERITS OF ITS APPEAL. ........ 5

        2.   FAWN RIDGE WILL SUFFER IRREPARABLE HARM WITHOUT A STAY. ........ 10

        3.   BAC SERVICING WILL NOT SUFFER HARM WITH A STAY. ............................ 10

        4.   THE PUBLIC INTEREST WILL NOT BE HARMED BY A STAY. ......................... 10

    D.   FAWN RIDGE'S RESPONSE TO CERTAIN STATEMENTS IN THIS COURT'S MEMORANDUM IN SUPPORT OF THE RELIEF ORDER. .................................... 11

IV. CONCLUSION ........................................................................................................ 13

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

Appellant Fawn Ridge Partners, LP, debtor and debtor in possession in the above-captioned bankruptcy case ("Fawn Ridge"), respectfully moves this Court on an emergency basis (the "Emergency Motion") pursuant to Local Bankruptcy Rule 9075-1(a) for entry of an order staying this Court's (i) Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) entered on December 7, 2009 [Docket No. 56] (the "Relief Order"), as follows:

## I. INTRODUCTION

BAC Home Loan Servicing, LP ("BAC Servicing") filed its Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 [Docket No. 32] (the "Relief Motion") on July 23, 2009 to seek relief from the automatic stay to non-judicially foreclose under the power of sale contained in a deed of trust on real property securing payment of a promissory note. Since neither the payee of the promissory note nor the beneficiary of the deed of trust in question was BAC Servicing, there was an evidentiary burden on BAC Servicing to establish that it had standing to seek relief from the automatic stay under Section 362(d) of the Bankruptcy Code. BAC Servicing failed to provide any admissible evidence whatsoever establishing that it held any kind of interest in the promissory note or deed of trust or as agent for the holder of the promissory note sufficient to support its Relief Motion.

Bankruptcy courts in this district, as well as other districts, have uniformly held that a lender or a loan servicer is not entitled to relief from the automatic stay unless they provide sufficient evidence establishing that they have the right to enforce the underlying promissory note and related deed of trust or mortgage. The bankruptcy court in *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008) (Bufford, J.), denied a motion for relief from stay because the movant failed to join the owner of the note in the motion. The *Hwang* court held that the holder of the note was required to join the owner of the note as the real party in interest in the motion pursuant to Rules 7017 and 7019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *Id.* at 767-68.

Here, BAC Servicing failed to demonstrate that it was either the holder of the note or the agent for any party with standing to enforce the promissory note. Moreover, BAC Servicing did not join in its Relief Motion the real party in interest as required under the applicable Bankruptcy Rules. Accordingly, as a result of this evidentiary failure, BAC Servicing did not carry the necessary evidentiary burden to prevail on its Relief Motion and the same should have been denied. This Court entered its Relief Order and the corresponding Supplemental Memorandum Regarding BAC Home Loan Servicing's Motion for Relief from Stay [Docket No. 55] (the "Relief Memorandum") in error, and Fawn Ridge will suffer irreparable harm as a result of BAC Servicings' foreclosure unless the Relief Order is stayed pending its appeal.

## II. STATEMENT OF FACTS

Fawn Ridge is an affiliate of the Darling Development Group, LLC, a commercial and residential real estate developer. Fawn Ridge commenced this Chapter 11 bankruptcy case on March 5, 2009. One of Fawn Ridge's principal assets is real property located at 2857 Rainfield Avenue, Thousand Oaks, California (the "Rainfield Property"). Fawn Ridge's other assets include a 50% interest in Roosevelt Heights Development, LLC, which, in turn, owns two parcels of real property located in the County of Riverside: 20 acres of undeveloped land located at 17217 Roosevelt Street, Riverside, California; and 10 acres of undeveloped land located at the Northwest corner of Markham & Roosevelt, Riverside California (collectively, the "Roosevelt Properties"). Only the Rainfield Property is the subject of the Relief Motion. The Rainfield Property is encumbered by first and second priority loans secured by deeds of trust. These loans were originated by Countrywide Home Loans, Inc. ("Countrywide"). Countrywide is the payee on the promissory note and Mortgage Electronic Registration Systems, Inc. ("MERS"), as Countrwide's nominee, is the beneficiary on the Deed of Trust. BAC Servicing is neither.

On July 23, 2009, BAC Servicing filed its Relief Motion seeking relief from the automatic stay with respect to a nonjudicial foreclosure under a power of sale contained in the deed of trust for the Rainfield Property. In support of its Relief Motion, BAC Servicing attached the following exhibits to the Declaration in Support of the Relief Motion: Exhibit 1 was the Interest Only Adjustable Rate Note (the "Promissory Note") for the first priority loan, and Exhibit 2 was the

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2    2

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER
GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Main Document    Page 5 of 16

underlying Deed of Trust ("Deed of Trust") securing the Promissory Note. The Promissory Note and Deed of Trust listed Countrywide as the lender, and the Deed of Trust listed MERS, as the beneficiary. Significantly, BAC Servicing had no facial interest in the Promissory Note or the Deed of Trust.

Fawn Ridge filed its initial Opposition to the Relief Motion on August 5, 2009 [Docket No. 34] and a Supplemental Opposition to the Relief Motion on August 6, 2009 [Docket No. 36]. Thereafter, on August 17, 2009, Fawn Ridge and BAC Servicing entered into a Stipulation for Interim Adequate Protection Re Section 362 Stay [Docket No. 37] (the "Stipulation") to resolve the Relief Motion. Pursuant to the Stipulation, Fawn Ridge agreed to make adequate protection payments to BAC Servicing for September, October and November 2009 pending further negotiation of a modification of the loans secured by the Rainfield Property. The hearing on the Relief Motion was continued to November 18, 2009, and as part of the Stipulation, <u>both</u> Fawn Ridge and BAC Servicing <u>reserved their respective rights to raise additional objections</u> to the Relief Motion:

> Movant does not waive any right and reserves the right to make any prospective objections while entering into this Adequate Protection Order . . . <u>Debtor does not waive any right and reserves the right to make any prospective objections while entering this Adequate Protection Order.</u>

Stipulation, p. 4 at ¶ 11 (emphasis added). On August 18, 2009, this Court entered its Order approving the Adequate Protection Stipulation [Docket No. 39].

Contemporaneously with the proceedings on the Relief Motion, Fawn Ridge had also submitted its loan modification proposal to BAC Servicing on July 31, 2009. BAC Servicing finally responded to Fawn Ridge on September 25, 2009. Fawn Ridge rejected BAC Servicing's proposal.

Fawn Ridge then <u>timely</u> filed on November 4, 2009 its Second Supplemental Opposition to BAC Servicing's Relief Motion [Docket No. 51] (the "Supplemental Opposition"). This Supplemental Opposition was filed pursuant to Fawn Ridge's and BAC Servicing's reservation of rights set forth in the adequate protection Stipulation. Fawn Ridge's Supplemental Opposition raised the evidentiary failures of BAC Servicing to establish that it was the current holder of the

A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2    3

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1  Promissory Note and Deed of Trust or that it was the agent for the current holder of the
2  Promissory Note and Deed of Trust.

3  **III.   ARGUMENT**

4  **A.   Procedure and Standard Governing Stays Pending Appeal.**

5         Bankruptcy Rule 8005 permits this Court to grant relief, including a stay of a judgment,
6  order or decree pending appeal, in order to preserve the affected parties' rights. Specifically,
7  Rule 8005 provides that "the bankruptcy judge may suspend or order the continuation of other
8  proceedings in the case under the Code or make any other appropriate order during the pendency
9  of an appeal on such terms as will protect the rights of all parties in interest." FED. R. BANKR. P.
10 8005. In order to obtain a stay pending appeal, a party must first present its motion requesting the
11 stay to the bankruptcy judge. *Id.* On December 10, 2009, Fawn Ridge filed its Notice of Appeal
12 with the clerk of the bankruptcy court pursuant to Rule 2.2 (8001-2.2) of the Central District's
13 Local Rules Governing Bankruptcy Appeals, Cases and Proceedings, thereby commencing its
14 appeal of the Relief Order. In order to avoid irreparable harm, Fawn Ridge seeks a stay of that
15 order pending the outcome of its appeal.

16 **B.   Standards Governing Discretionary Stays Pending Appeal.**

17        In order to determine whether a stay pending appeal is appropriate under Bankruptcy Rule
18 8005, courts must examine: (1) the appellant's likelihood of success on the merits, (2) whether
19 the appellant will suffer irreparable harm if the stay is denied, (3) whether granting the stay will
20 cause substantial harm to other parties, and (4) whether the relief requested is contrary to the
21 public interest. *See Universal Life Church, Inc. v. United States (In re Universal Life Church,*
22 *Inc.)*, 191 B.R. 433 (E.D. Cal. 1995); *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980). As
23 demonstrated below, Fawn Ridge easily meets the four requirements necessary for obtaining a
24 stay of the Relief Order pending appeal.

25
26
27
28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2                                4

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER
GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**C.    The Court Should Grant the Emergency Motion Since Fawn Ridge Has Met the Requirements Necessary to Obtain a Stay Pending Appeal of the Relief Order.**

1.    <u>Fawn Ridge Is Likely to Prevail on the Merits of its Appeal.</u>

BAC Servicing produce no admissible evidence whatsoever establishing that it was the real party in interest and that it had any rights to enforce the Promissory Note and Deed of Trust in its attempt to obtain relief from stay. As a result of this evidentiary failure, Fawn Ridge will prevail on the merits of the appeal of the Relief Order.

a.    **BAC Servicing Did Not Have Standing to Pursue Relief from the Automatic Stay Under 11 U.S.C. § 362(d).**

Over the past couple of years, a significant number of bankruptcy courts have found that loan servicers and banks did not have standing to pursue relief from the automatic stay to foreclose on real property because they either failed to establish that they (i) were the real party in interest entitled to enforce the underlying promissory note and deed of trust or mortgage, or (ii) had the authority to act on behalf to the principal holder of the note and deed of trust or mortgage and that they have brought the action in that party's name. This standing requirement is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 502 US 555, 560 (1992). The standing question is a threshold issue, required before a court may entertain a suit. *Warth v. Seldin*, 422 U.S. 490, 495 (1975). Thus, if a lender or a servicer does not prove standing by admissible evidence, the court has no authority to hear its motion for relief from stay and it must dismiss the motion.

Prudential standing requirements also require that a party bringing a motion be the real party in interest. Rule 17 of the Federal Rules of Civil Procedure (the "Civil Rules") requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. The purpose is to ensure the party bringing forth the action is the party who "possesses the substantive right being asserted under the applicable law." Wright, Miller & Kane, Federal Practice and Procedure, Vol. 6A, § 1541 (2009 update). Because Civil Rule 17 applies in adversarial bankruptcy proceedings, parties must adhere to Civil Rule 17 in order to seek relief from automatic stay. *See Hwang*, 396 B.R. at 766.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2    5

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The bankruptcy court in *In re Lee*, 408 B.R. 893 (Bankr. C.D. Cal. 2009) (Bufford, J.) recently denied a lender relief from the automatic stay to foreclose against the debtor's real property after the court discovered that the lender did not own the note secured by the property. The bankruptcy court issued an order to show cause why sanctions should not be imposed on counsel for the lender. In reaching its decision, the *Lee* court relied on Section 3301 of the California Commercial Code for the proposition that "[o]nly the holder of an instrument (such as a promissory note) is entitled to enforce an instrument . . . ." *Lee*, 408 B.R. at 900.

Similarly, the court in *Hwang* denied a motion for relief from stay because the Movant, IndyMac Bank, failed to join the owner of the promissory note in the motion. There, the debtor's home was encumbered by a deed of trust that secured a promissory note. *Id.* at 761. The original payee of the note, Mortgageit, Inc., transferred it to the holder and then the holder sold the note to a third-party. The court speculated that the buyer sold the promissory note again as part of a securitization transaction as the owner of the note was unknown. *Id.* at 761-62. IndyMac Bank sought relief from the automatic stay to foreclose on the debtor's home. The court denied relief.

Upon reconsideration, the *Hwang* court held that IndyMac Bank was entitled to enforce the note under Cal. Com. Code § 3301(a), notwithstanding the sale of the note, because IndyMac Bank had not yet delivered the note to the buyer. *Id.* at 763-64. The court, however, held that IndyMac Bank had to join the owner of the note as the real party in interest in the motion pursuant to Rules 17(a)(1) and 19 of the Federal Rules of Civil Procedure. *Id.* at 767-68. The court again denied the motion for relief from stay because it had given IndyMac Bank more than two months to join the owner of the note, and IndyMac Bank had failed and refused to do so. *Id.* at 772.

The bankruptcy court in *In re Jacobson*, 402 B.R. 359 (Bankr. W.D. Wash. 2009), denied a motion for relief from automatic stay because the moving party, UBS AG, could not show it had standing, nor that it had authority to act for anyone that did have standing. UBS AG purported to represent ACT Properties, LLC as servicer of the note. *Id.* Execution of the original note was on behalf of Castle Point Mortgage and listed MERS, a clearinghouse for mortgage transfers, as a beneficiary "solely as nominee for lender and lender's successors and assigns." *Id.* at 362. Castle

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2    6

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER
GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1  Point later sold the note to ACT in an unrecorded transaction. *Id.* The court questioned, as the
2  court in *Hwang* did, whether ACT itself would even qualify as the holder given that someone
3  endorsed it in blank and another had possession of the note. *Id.* at 369. The *Jacobson* court cited
4  *Hwang*, noting that even if the moving party is the noteholder's agent, it does not make the agent a
5  real party in interest. *Id.* at 366. To have standing to prosecute the motion in the name of the real
6  party in interest, the *Jacobson* court required UBS AG to show it had authority to act on the
7  noteholder's behalf. *Id.* at 367. Since UBS AG made no such showing, and it was not the real party in
8  interest, the court denied the motion. *Id.* at 770.

Unlike *Hwang*, the movant in *Jacobson* asserted that it was the servicer of the note and acting on behalf of the holder. In addition, neither UBS AG nor ACT had actual possession of the note and thus neither appeared to have any right to enforce it. *Id.* at 370. While establishing that UBS AG is the agent rather than the noteholder seems like it might be an easier standard to meet, it must still show it is the agent of ACT. *Id.* Even if it could, it must also show ACT is the real party in interest and join ACT as a party or litigate in its name instead of its own name. *Id.* Because UBS AG was not the real party in interest nor could it show it was acting on behalf of the real party in interest, the court denied the motion for relief from stay. *Id.*

The bankruptcy court in *In re Sheridan*, 2009 WL 631355 (Bankr. D. Idaho 2009) denied a relief from stay motion brought by MERS as nominee for HSBC Bank USA. The promissory note and deed of trust identified the lender as Fieldstone Mortgage Company, and the deed also identified MERS as nominee and beneficiary for the noteholder and all its successors and assigns. *Id.* at 4. The court still found this insufficient, as there was no showing made as to who the current noteholder was. The court also held MERS was not an actual beneficiary, despite the deed naming it one, since no actual economic benefit accrued to it. *Id.* The court denied the motion for relief from stay for two reasons: (1) it found the "titular designation" of MERS as "beneficiary" on the deed insufficient to establish it as such, and (2) there was no evidence or explanation presented showing whether HSBC had any current interest in the note. *Id.* at 5. Even if MERS was properly acting as the agent of the real party in interest there was no showing that HSBC, or even Fieldstone, had any current interest in the note. *Id.* If there had been, the action

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2                                    7

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER
GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

must still be brought in the real party in interest's own name, not its agent's. *Id.* Because MERS was unable to establish that it was a real party in interest with standing, or even that it represented such, the court denied the motion for relief from stay.

This same trend of requiring the party seeking relief from the automatic stay to establish that they are the real party in interest is occurring in bankruptcy courts throughout the country. The court in *In re Hayes*, 393 B.R. 259 (Bankr. D. Mass. 2008), denied the movant relief from stay for failure to show that it ever had any interest in the note at issue. In *Hayes*, the court found that the movant lacked standing altogether to bring the motion because it failed to show that the note was ever transferred to it, and thus it had no rights of its own to assert. *Id.* at 266-68. Similarly, the court in *In re Mitchell*, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009), held that MERS lacked standing to pursue stay relief when it could not show that it was either holder of the mortgage note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure.

As pointed out by the foregoing cases, the real party in interest question is really the prudential standing component of the overall standing analysis, which must be met before a court can grant relief from the automatic stay. In addition, a party must also establish standing to seek relief from the automatic stay if it has the authority to act on behalf of an entity that has standing. Therefore, a nominee or agent seeking relief will have to prove both (1) it is an agent with the authority to act on behalf of the principal and (2) the principal has both constitutional standing and prudential standing. However, even if a party has standing, the agent must prosecute the action in the name of the real party in interest and not in its own name.

b. **This Court Erred in Finding that BAC Servicing Was a Real Party In Interest Entitled to Relief From the Automatic Stay.**

The foregoing cases clearly support Fawn Ridge's position that BAC Servicing failed to produce any admissible evidence establishing that it was the real party in interest entitled to relief from the automatic stay under 11 U.S.C. § 362(d). In fact, the evidence that BAC Servicing submitted in support of its Relief Motion clearly demonstrates that BAC Servicing did not have standing to seek relief from the stay. Exhibit 1 to the Declaration in Support of the Relief Motion

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2    8

**EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1  is the underlying Deed of Trust for the first priority loan secured by the Rainfield Property. The
2  "Lender" listed on the Deed of Trust is Countrywide. The "Trustee" listed on the Deed of Trust
3  is Recontrust Company, N.A. And the "Lender's Nominee" listed on the Deed of Trust is MERS.
4  *See* Relief Motion, Exhibit 1 at p. 3. None of these entities is BAC Servicing.
5      Exhibit 2 to the Declaration in Support of the Relief Motion is the underlying Promissory
6  Note for the first priority loan secured by the Rainfield Property. The Lender listed on the
7  Promissory Note is again Countrywide. Other than the borrowers, no other party is listed on the
8  Promissory Note. *See* Relief Motion, Exhibit 2 at p. 1. Again Countrywide is not the movant.
9  Even though the Relief Motion contains an addendum, which defines Movant as "BAC Home
10 Loans Servicing, LP FKA Countrywide Home Loans Servicing, L.P. FKA Countrywide Home
11 Loans, Inc.," this is wholly insufficient to establish from an evidentiary standpoint BAC
12 Servicing's right to seek relief from the automatic stay and foreclose on the Rainfield Property.
13     In order to satisfy the prudential standing requirements as set forth in *Hwang*, *Lee*,
14 *Jacobson*, *Sheridan*, *Hayes* and *Mitchell*, BAC Servicing needed to provide admissible evidence
15 that it was the holder of the Promissory Note. Instead, BAC Servicing merely attached a file copy
16 of the original Promissory Note that provides no basis to establish that BAC Servicing is the
17 holder of the Promissory Note. Alternatively, if BAC Servicing was not the holder of the
18 Promissory Note, it would have needed to produce competent evidence demonstrating that it was
19 the agent for the holder and that it had the right to enforce the Promissory Note and Deed of Trust
20 as the holder's agent. Again, BAC Servicing's Relief Motion failed to provide any such
21 evidence. Moreover, the Relief Motion would have also needed to have been prosecuted in the
22 name of the holder or the holder joined as the real party in interest. Again, BAC Servicing failed
23 in this regard.
24     On its face, the Relief Motion, the declaration in support thereof and the exhibits do not
25 establish who holds the Promissory Note and whether BAC Servicing has any rights to enforce
26 the Promissory Note and seek relief from the automatic stay. BAC Servicing simply attached a
27 copy of the Promissory Note and Deed of Trust to the Relief Motion, which is wholly
28 insufficient. Moreover, this Court's taking of judicial notice of Bank of America's acquisition of

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2                    9

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER
GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Countrywide is wholly insufficient to cure the defects in BAC Servicing's Relief Motion. Simply taking judicial notice of that acquisition does not establish who is the holder of the Promissory Note and whether BAC Servicing, a separate and distinct entity from Bank of America, N.A., is the real party in interest for purposes of Section 362(d). The taking of judicial notice does not address who may be the holder of the Promissory Note following a series of mortgage securitizations. In the days of rampant bank failures (and subsequent acquisitions of such failed banks) and mortgage securitization trusts plagued with defaulting mortgage notes (and the corresponding repurchase and transfer obligations for non-performing debt), it is even more relevant that the party seeking relief from the automatic stay meet its evidentiary burden and provide sufficient evidence that it has standing to seek such relief. BAC Servicing did not do so in this case and, accordingly, granting the Relief Motion was error.

2. <u>Fawn Ridge Will Suffer Irreparable Harm Without a Stay.</u>

The likelihood that an appeal may be moot in the absence of a stay is an important factor in evaluating the potential harm to the appellant. *In re Sunflower Racing, Inc.*, 225 B.R. 225 (D.Kan. 1998). Without a stay, BAC Servicing will be permitted to foreclose on the Rainfield Property rendering Fawn Ridge's appeal of the Relief Order moot. The failure to grant the stay requested in this Emergency Motion will result in an unjustified depletion of a key asset of the bankruptcy estate, which constitutes irreparable harm to Fawn Ridge.

3. <u>BAC Servicing Will Not Suffer Harm With a Stay.</u>

If this Court grants Fawn Ridge's Emergency Motion, there will be no harm to BAC Servicing since it is unclear that BAC Servicing even has any rights in the Promissory Note and Deed of Trust to enforce. BAC Servicing failed to demonstrate that it is entitled to seek relief from the automatic stay. BAC Servicing simply attached the original Promissory Note and the original Deed of Trust to its Relief Motion without establishing that it is the real party in interest entitled to obtain relief under Section 362(d) of the Bankruptcy Code. Until BAC Servicing demonstrates that it is the real party in interest, it will not suffer any harm if the Relief Order is stayed pending appeal.

4. <u>The Public Interest Will Not Be Harmed By a Stay.</u>

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2    10

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER
GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The expanding market for the buying, selling and securitization of mortgage debts has resulted in a serious problem regarding the "quality and admissibility" of the underlying data that is being tendered to the United States Bankruptcy Courts to prove the nature and extent of these debt obligations. Granting the stay will not harm the public interest, but will actually enhance it. Courts have routinely found that the public policy against the unnecessary forfeiture of a home outweighs the public policy favoring satisfaction of debts. *In re* Skinner, 202 B.R. 867 (W.D. Va. 1996); *accord In re Country Squire Assocs. Of Carle Place, L.P.*, 203 B.R. 182 (B.A.P. 2d. Cir. 1996). Permitting loan servicers and banks to sidestep the evidentiary requirements necessary to establish real party in interest standing under Section 362 harms the public. It is in the best interests of the public to require these loan services and banks to prove that they are the real party in interest as required by Section 362(d) of the Bankruptcy Code before they proceed with dispossessing individuals from homes in which the banks and services may not even have an interest. Granting Fawn Ridge's Emergency Motion will be the only way to promote the interests of the public.

### D. Fawn Ridge's Response to Certain Statements in this Court's Memorandum in Support of the Relief Order.

Fawn Ridge submits the following response to certain statements and allegations set forth in this Court's Relief Memorandum. The Darling Development Group, LLC is a residential and commercial real estate development company and operates through various affiliates and holding entities of which Fawn Ridge is one. It appears that the Court has misconstrued Fawn Ridge's acquisition of the Rainfield Property to have occurred post-petition and that it was fraudulent in nature. The Relief Memorandum incorrectly states that the Rainfield Property was transferred by the Darlings to Fawn Ridge post-petition on June 12, 2009. The Court cites to Fawn Ridge's Disclosure Statement [Docket No. 42] at p.5 ln. 5-7 to support this proposition. Unfortunately, the Court's statement is based upon a misreading Fawn Ridge's Disclosure Statement. The Disclosure Statement at p.5 ln. 5-7 provides that Richard and Colleen Darling acquired the Rainfield Property on June 12, **2000 (not 2009)**. The Rainfield Property was subsequently transferred to a trust in which the Darlings were the trustees sometime in 2007. On December 15,

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2                    11

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1  2008, the trust transferred its interests in the Rainfield Property via a Quitclaim Deed to Fawn
2  Ridge. This Quitclaim Deed was recorded on February 24, 2009 with the Ventura County Clerk
3  and Recorder's Office bearing instrument number 20090224-00024270-0. This transfer was done
4  pursuant to an equity sharing agreement between the trust and Fawn Ridge and in order to
5  facilitate the reorganization of Fawn Ridge's interests in the Rainfield Property and its interest in
6  the Roosevelt Properties.
7       The Court's Relief Memorandum also states that Fawn Ridge failed to timely object to
8  BAC Servicing's standing and that Fawn Ridge did not meet its evidentiary burden under Section
9  362(g)(2). Fawn Ridge respectfully disagrees with the Court. First, BAC Servicing and Fawn
10  Ridge agreed in the adequate protection Stipulation that both parties reserved their rights to raise
11  further objections prior to the continued hearing on the Relief Motion. The continued hearing
12  was set for November 18, 2009. Fawn Ridge timely filed its objection fourteen days prior on
13  November 4, 2009 pursuant to Local Bankruptcy Rule 9013-1(f) and (m)(3).
14       Second, Fawn Ridge did meet its burden of proof pursuant to Section 362(g)(2). Section
15  362(g) establishes the respective burdens for obtaining relief from stay and provides that "(1) the
16  party requesting such relief has the burden of proof on the issue of debtor's equity in property;
17  and (2) the party opposing such relief has the burden of proof on all other issues." 11 U.S.C.
18  § 362(g). Fawn Ridge met this burden not by introducing new evidence ,but by pointing out the
19  deficiencies in BAC Servicing's evidence. Fawn Ridge's Supplemental Opposition clearly
20  pointed out that the evidence relied upon by BAC Servicing, namely, the Promissory Note and the
21  Deed of Trust, did not establish that BAC Servicing was a real party in interest and had standing
22  to seek relief from stay in accordance with this Court's decisions in *Hwang* and *Lee*. The Relief
23  Memorandum also takes issue with Fawn Ridge's perceived failure to initiate discovery regarding
24  the underlying loan documentation. This is an improper shifting of BAC Servicing's burden to
25  Fawn Ridge. All of the cases cited above (*e.g.*, *Hwang*, *Lee*, *Jacobsen*, *Sheridan*, etc.) clearly
26  place the onus on the party seeking relief from stay to prove by admissible evidence that it is a
27  holder of the promissory note or has the authority as the agent of the holder (and joined such
28  holder in the action) to pursue relief from stay.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2                                    12

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER
GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Finally, Fawn Ridge is mindful of this Court's admonition in the Relief Memorandum of the applicability of Bankruptcy Rule 9011 with respect to pleadings in this case. The Relief Memorandum seems to insinuate that it is Fawn Ridge that is engaging in bad faith. This is not the case. This case was commenced by a real estate developer trying to restructure various real estate projects in one of the worst economic downturns in recent history. While Fawn Ridge and its counsel are mindful of Bankruptcy Rule 9011, it should also be noted that courts have entertained imposing sanctions on lenders and loan servicers that seek to obtain relief from stay without establishing that they are entitled to it. *See In re Lee*, 408 B.R. 893 (Bankr. C.D. Cal. 2009) (Bufford, J.); *see also In re Haque*, 395 B.R. 799 (Bankr. S.D. Fla., Oct. 28, 2008) (imposing $95,000 in sanctions under 11 U.S.C. §105 on law firm and creditor for filing false affidavits to support motions for relief from stay).

## IV. CONCLUSION

BAC Servicing failed to provide <u>any</u> admissible evidence in its Relief Motion establishing that it had an interest in the underlying Promissory Note or the rights to seek relief from the automatic stay thereunder. For the foregoing reasons, Fawn Ridge respectfully requests that the Court grant its Emergency Motion and stay the Relief Order pending appeal.

Dated: December 10, 2009        Respectfully Submitted,

BUCHALTER NEMER, a professional corporation

By: */s/ Steven M. Spector*
        STEVEN M. SPECTOR

Attorneys for Appellant Fawn Ridge Partners, LP

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 4905512v2                    13

EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

| In re: FAWN RIDGE PARTNERS, LP | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-15088-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document described **EMERGENCY MOTION OF APPELLANT FAWN RIDGE PARTNERS, LP FOR STAY PENDING APPEAL OF THE ORDER GRANTING BAC HOME LOAN SERVICING, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 10, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- David F Makkabi    cmartin@pprlaw.net
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com
- Cassandra J Richey    cmartin@pprlaw.net
- Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On December 10, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor
Fawn Ridge Partners, LP
9606 Santa Monica Blvd., Third Floor
Beverly Hills, CA 90210

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 10, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas B. Donovan, United States Bankruptcy Court - Central District of California, Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352 Los Angeles, CA 90012 (via Personal Delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/10/09 | Sandra I. Alarcon | /s/ Sandra I. Alarcon |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                 **F 9013-3.1**