STEVEN M. SPECTOR (SBN: 51623)
    Email: sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
    Email: anapolitano@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Appellant Fawn Ridge Partners, LP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-15088-TD |
| FAWN RIDGE PARTNERS, LP, | B.A.P. Case No. 09-1396 |
| Debtor. | Chapter 11 |
| FAWN RIDGE PARTNERS, LP, | **APPELLANT FAWN RIDGE PARTNERS, LP's NOTICE OF LODGMENT OF TRANSCRIPT OF NOVEMBER 18, 2009 HEARING** |
| Appellant, | |
| v. | |
| BAC HOME LOANS SERVICING, LP, | |
| Appellee. | |

BN 5118556v1

1

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** Fawn Ridge Partners, LP, debtor and debtor in possession in the above-captioned bankruptcy case, and appellant in *Fawn Ridge Partners, LP v. BAC Home Loans Servicing, LP*, B.A.P. Case No. 09-1396 ("Fawn Ridge"), hereby lodges the transcript of the November 18, 2009 hearing (the "Transcript") before this Bankruptcy Court on the Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Real Property) of BAC Home Loans Servicing, Inc. A copy of the Transcript is attached hereto as Exhibit A.

The Transcript was transcribed from an audio compact disc recording of the hearing that was ordered from the Bankruptcy Court on November 18, 2009. On December 18, 2009, Fawn Ridge ordered the "official" transcript from the Bankruptcy Court on an expedited basis. As of January 15, 2010, Fawn Ridge has not yet received such transcript. Therefore, for purposes of this appeal and the corresponding briefing deadlines, Fawn Ridge hereby submits the attached Transcript which was transcribed by Fawn Ridge's counsel.

Dated: January 15, 2010         Respectfully Submitted,

BUCHALTER NEMER, a professional corporation

By: ___*/s/ Anthony J. Napolitano*___
       ANTHONY J. NAPOLITANO

Attorneys for Appellant Fawn Ridge Partners, LP

| In re: FAWN RIDGE PARTNERS, LP | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-15088-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017.

The foregoing document described as **APPELLANT FAWN RIDGE PARTNERS, LP's NOTICE OF LODGMENT OF TRANSCRIPT OF NOVEMBER 18, 2009 HEARING** will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 15, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Steven M. Spector - sspector@buchalter.com, IFS_efiling@buchalter.com
Anthony J. Napolitano – anapolitano@buchalter.com, IFS_efiling@buchalter.com
Cassandra J Richey on behalf of Interested Party Courtesy NEF - cmartin@pprlaw.net
David F. Makkabi on behalf of BAC Home Loan Servicing, LP - cmartin@pprlaw.net
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On January 15, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

Debtor
Fawn Ridge Partners, LP
9606 Santa Monica Blvd., Third Floor
Beverly Hills, CA 90210

Honorable Thomas B. Donovan
United States Bankruptcy Court -
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/15/10 | | |
|---|---|---|
| Date | Type Name | Signature |

# EXHIBIT A

Exhibit A, Page 000003

1  STEVEN M. SPECTOR (SBN: 51623)
     Email: sspector@buchalter.com
2  ANTHONY J. NAPOLITANO (SBN 227691)
     Email: anapolitano@buchalter.com
3  BUCHALTER NEMER
   A Professional Corporation
4  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, California 90017-2457
5  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
6
   Attorneys for Appellant Fawn Ridge Partners, LP
7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES DIVISION

11

12  In re                          Case No. 2:09-bk-15088-TD

13  FAWN RIDGE PARTNERS, LP,       Chapter 11

14         Debtor.                 **TRANSCRIPT OF PROCEEDINGS
                                   BEFORE THE HONORABLE THOMAS B.
15                                 DONOVAN, UNITED STATES
                                   BANKRUPTCY JUDGE RE: MOTION OF
16                                 BAC HOME LOAN SERVICING FOR
                                   RELIEF FROM THE AUTOMATIC STAY
17                                 UNDER 11 U.S.C. § 362 (REAL PROPERTY)**

18                                 Date:   November 18, 2009
                                   Time:   10:00 a.m.
19                                 Place:  Courtroom 1345
                                           255 East Temple Street
20                                         Los Angeles, CA 90012

21

22

23

24

25

26

27

28

| | |
|---|---|
| APPEARANCES: | |
| For Debtor Fawn Ridge Partners, LP: | Steven M. Spector, Esq.<br>Anthony J. Napolitano, Esq.<br>BUCHALTER NEMER, PC<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, California 90017<br>Tel: (213) 891-0700 |
| For BAC Home Loans Servicing, LP: | David F. Makkabi, Esq.<br>POLK, PROBER & RAPHAEL<br>20750 Ventura Boulevard, Suite 100<br>Woodland Hills, California 91364<br>Telephone: (818) 227-0100 |

STEVEN SPECTOR: Good morning, your honor. Steven Spector and Anthony Napolitano, Buchalter Nemer attorneys for the Debtor and Debtor in Possession.

JUDGE DONOVAN: Good morning, thank you.

STEVEN SPECTOR: Good morning.

JUDGE DONOVAN: Mr. Makkabi?

MR. MAKKABI: Yes, your honor?

JUDGE DONOVAN: Would you like to make an appearance?

MR. MAKKABI: Uh, yes, your honor. Um, on this motion. They've contested it. We are of the position that Fawn Ridge Partner's is an obligor on the note and deed of trust.

JUDGE DONOVAN: Hold on a second. First of all, would you like to state your appearance?

MR. MAKKABI: Oh, I did, your honor. David Makkabi on behalf of BAC Home Loan Servicing.

JUDGE DONOVAN: Thank you, I didn't hear that.

MR. MAKKABI: Oh.

JUDGE DONOVAN: Alright. Mr. Spector.

STEVEN SPECTOR: Uh, your honor, I think there are three matters on calendar. The first is the Motion for Relief from Stay by Bank of America. The second is for approval of the

1 | Debtor's Disclosure Statement and the third, I think, is a case status conference.
2 |     JUDGE DONOVAN: True.
3 |     STEVEN SPECTOR: We didn't see tentative rulings on –
4 |     JUDGE DONOVAN: I didn't issue tentative rulings.
5 |     STEVEN SPECTOR: We looked diligently and I'm sure we would have seen it. Um, we
6 | can do these in any particular order. I suspect that the Relief from Stay outcome has a significant
7 | impact on the Chapter 11 plan process and it probably makes sense to take that up first.
8 |     JUDGE DONOVAN: Ok. I have read all the papers I've received on this and I've given
9 | this a lot of thought and I'm happy to give you time before I issue a ruling.
10 |     STEVEN SPECTOR: That would be great, your honor. Since it is the bank's motion,
11 | perhaps they might want to speak first.
12 |     JUDGE DONOVAN: All right.
13 |     STEVEN SPECTOR: We are happy to speak last.
14 |     JUDGE DONOVAN: Ok. Mr. Makkabi?
15 |     MR. MAKKABI: Yes, your honor. I guess I'd like to start off with a point that the
16 | Debtor has made that we are not, we don't have standing on this, ironically. I think the Judge can
17 | take judicial notice of the fact that BAC Home Loan Servicing has taken over Countrywide. Um,
18 | the Debtor has the – the property was transferred to the Debtor one month prior to the following
19 | of the bankruptcy, your Honor. Um, and the intent of the Debtor is to eventually cram down the
20 | value of the property. Um, I see some indicia (inaudible) lightly. This is the original obligor's
21 | principal residence is our position. Um, as the letterhead indicates the address of the subject
22 | property as the original obligor's, I guess, residence or require some property status somehow.
23 | And pursuant to Section 1123 as you know, your Honor, you cannot modify personal residences
24 | and by transferring it to a third party and trying to cram it down I think that is trying to
25 | circumvent the provisions of the code, your Honor. Um, I believe that any transfer to the Debtor
26 | was a fraudulent transfer, Your Honor, as it did occur one month prior to the filing of the
27 | bankruptcy, um it seems for improper purposes. And the Debtor has not really given us any
28 | reasons why this is necessary for an effective reorganization. They don't get any cash collateral,

1 | there is no Order that I know of, this doesn't seem to be an investment property for the benefit of
2 | the Debtor's estate, although it is to the benefit of the original obligor's estate, which is not filing
3 | for bankruptcy. I mean, if they want to file for bankruptcy they are free to, I don't think they
4 | could cram down the value of this property regardless. But this is not the proper way to do it,
5 | your Honor. And I believe that Relief from Stay is appropriate in this case, your Honor.
6 |     JUDGE DONOVAN: Thank you Mr. Makkabi. Mr. Spector.
7 |     STEVEN SPECTOR: Um, your Honor, like yourself I have thought a lot about this
8 | motion and I'd like to talk about two different things which I hope will be of assistance to the
9 | Court. The first is, they have not overcome the evidentiary problem and request that you take
10 | judicial notice that Bank of America bought Countrywide Funding doesn't resolve that. The loan
11 | documents could be held by some third person, they could have been securitized, they could be
12 | out in the marketplace. The reply papers do not at all address the evidentiary objections, the
13 | evidentiary problems, and I learned a long time ago that the rules of evidence are there for a
14 | purpose and this Court could stop there, deny the motion and would be perfectly justified in doing
15 | so.
16 |     That's not what I have been thinking about. Relief from stay motions talk about the issue
17 | of whether or not the Property that's the subject of the motion is necessary for a reorganization.
18 | Those of us who have practiced in Chapter 11 for a long time like me, understand that the Chapter
19 | 11 case is about a plan of reorganization and the ability to comply with the legal requirements to
20 | confirm that plan. Anybody that files a Chapter 11 case—certainly we should all agree that filing
21 | the case is easy, getting out of the case is the hard part—gets out by confirmation – at least
22 | successfully gets out by confirmation – of a plan. A relief from stay motion cuts that short. And
23 | it doesn't allow the Debtor to attempt to achieve the goals of Chapter 11. And that is exactly
24 | what happens in this case if Relief from Stay is granted. We've got a disclosure statement set for
25 | hearing, the bank made no objection to the adequacy of the disclosure statement. Their
26 | objections, and we are going to get to this, are essentially confirmation objections. Mr.
27 | Makkabi's conversation with you about things unrelated to the Relief from Stay Motion were
28 | confirmation objections. There is another time and another place for this Court to determine

1 | confirmation objections – it most assuredly is not in the context of a Relief from Stay Motion.

2 | If you subscribe to the theory that the Debtor's entitled to the opportunity to confirm a
3 | plan, and you take the fact pattern that we have in this case – which is, there is no free lunch – the
4 | Debtor's paying. The Debtor is in negotiations for a second time with the bank to modify this
5 | loan and there is – a plan confirmation if you approve the disclosure statement and we set
6 | confirmation stuff out there – that will evolve in a relatively short time. While this is somewhat
7 | contrary to what I suggested before about you could deny the motion based on the evidentiary
8 | problem and we could just move forward, you could also continue this motion for 120 days. That
9 | gives us the time needed to attempt to confirm our plan. If we are right, the plan confirms. The
10 | issue is moot. If we are wrong, the bank hasn't lost anything in between. You could condition
11 | your continuance order on payments, exactly the same as we are doing now. There has been no
12 | resistance, no defalcation in those payment.

13 | That's a fallback position. I do believe that you are justified in denying the motion based
14 | on evidentiary deficiency. But, should you decline to do that, my suggestion is, let the Chapter 11
15 | process play itself out. Nobody is any worse off, and this case just could work. We like Johnson
16 | v. Home State Bank a lot. We think that that's a case that is going to come back on the
17 | confirmation process based on what you said. We wouldn't be wasting time and the Debtor's
18 | money if we didn't think that there was a chance that this plan could confirm.

19 | So my suggestion is two-fold: One, deny the motion because there is a clear evidentiary
20 | deficiency. They haven't overcome it. And number two, if you are not inclined to do that,
21 | continue this for 120 days and let the plan process play itself out because that's what Chapter 11
22 | is all about.

23 | JUDGE DONOVAN: Thank you, Mr. Spector. Somebody's got a phone that's ringing.
24 | Could you please turn it off?

25 | MR. MAKKABI: Your Honor, may I uh make some comments?

26 | JUDGE DONOVAN: No. Thank you. I'm going to grant Relief from Stay.

27 | MR. MAKKABI: Thank you your Honor.

28 | JUDGE DONOVAN: Have a chair. As far as the evidentiary concern, Mr. Spector, I

1  believe that it is appropriate for me to take judicial notice that Bank of America owns
2  Countrywide and all the activity that I have seen with respect to Countrywide since that time.
3  Countrywide has been absorbed by Bank of America. Bank of America has chosen to operate
4  under a number of subsidiaries in a variety of ways but it's one company with a number of
5  subsidiaries that it controls and it chooses to market its services under one name or another – it's
6  all Bank of America. So I don't think that the evidentiary concern is a valid one. And I take
7  judicial notice of that fact and I believe that doing so is correct. I think that to challenge the
8  Movant's claim here on that basis is really a red herring. Um, it seems to me that Movant has
9  made an adequate record to demonstrate based on Debtor's evidence not to mention Movant's
10 evidence that the Fawn Ridge filing is, at least on a prima facie basis bad faith, and that the
11 Debtor's response here is insufficient to overcome the presumption of bad faith established by
12 Debtor's evidence.
13         I suppose the most noteworthy feature of Debtor's evidence is the fact that Mr. and Mrs.
14 Darling who were the Borrowers and who were the owners via their personal entities transferred
15 the property in March of this year just prior to Fawn Ridge filing its Chapter 11 petition. Fawn
16 Ridge being actually another entity being wholly controlled by Mr. and Mrs. Darling. And then
17 to add to it the Disclosure Statement exhibits showing that Mr. and Mrs. Darling live in the house,
18 have substantial personal liquidity and other (inaudible) and yet when they transferred their home
19 to Fawn Ridge, a limited liability company, all they did was allegedly transfer the property. They
20 didn't even record the transfer as far as the evidence shows. I don't find anything in Fawn
21 Ridge's papers that establish a transfer. The bank has challenged the existence of a transfer. I
22 suppose the other thing that I find strange although allegedly Fawn Ridge owns the property and
23 admittedly the Darlings continue to live in the Property as their principal residence – I suppose
24 another noteworthy feature of the disclosure statement is it says that when it comes to leases or
25 anything of that nature, executory contracts, that there aren't any and there are none to be
26 assumed because of that.
27         So it seems to me there is a good deal of ambiguity in the Fawn Ridge Chapter 11
28 standing that undermines my confidence in good faith based on the evidence that I see before me.

1   It seems to me that the Debtors – that the Darlings transferred the property to Fawn Ridge shortly
2   before Fawn Ridge filed bankruptcy was an unwarranted transfer. It seems to me that the
3   Debtor's conduct in this matter – uh, Fawn Ridge's conduct – meets most of the litany of bad
4   faith recited in Yukon Enterprises some years ago. To transfer real property and its burdens in a
5   thinly disguised effort by Mr. and Mrs. Darling to shield their home from Chapter 11
6   reorganization attempt while not accounting or contributing very substantial personal liquidity or
7   net worth to the enterprise. All of which is reflected in the Fawn Ridge disclosure statement and
8   its exhibits.
9       It seems to me that this transfer was made in a transparent attempt to evade the strictures
10  of 1123(b)(5) against modification of an obligation secured by their personal residence. Not to
11  mention the strong possibility that what they did might, in another context later be adjudicated as
12  a fraudulent transfer under Section 548(b)(1). It seems to me that the 80 South Lake decision and
13  In re Marsh from the Ninth Circuit might also contribute to suspicion concerning the
14  appropriateness of the Fawn Ridge Chapter 11 case. And for all these reasons it seems to me that
15  the Bank has established cause for Relief from Stay, lack of equity on the part of the Debtor and
16  the fact that in the disclosure statement as Mr. Makkabi pointed out in his brief, not one single
17  reason has been advanced why the Rainfield property is necessary to a reorganization in this case
18  or appropriate to reorganization for that matter.
19      And it seems to me the transfer can be deemed on this evidence to have been
20  accomplished for purposes of hindering, delaying or defrauding the bank. So for all those reasons
21  I'm going to grant Relief from Stay at this time.
22      MR. MAKKABI: Thank you very much, your Honor.
23      STEVEN SPECTOR: Um, your Honor, I understand the Court's ruling. Two things.
24  The judicial notice that you've taken doesn't provide evidence that the Bank owns this loan. It
25  provides evidence of the fact that they bought Countrywide, but there is no evidence before you
26  that they own this loan.
27      JUDGE DONOVAN: Nor have you given me any evidence that they don't own the loan.
28      STEVEN SPECTOR: Well, but they have the burden.

1     JUDGE DONOVAN: I understand that.

2     STEVEN SPECTOR: Um, please don't waive the ten day stay.

3     JUDGE DONOVAN: Alright. I'll grant you that.

4     STEVEN SPECTOR: Ok. Thank you.

5     JUDGE DONOVAN: Um, I think based on what I've said and you've asked me to
6 address the Relief from Stay first, but I think that what I've said with respect to Relief from Stay
7 leads – at least it leads me inevitably to conclude that the disclosure statement is inadequate and
8 must be disapproved.

9     STEVEN SPECTOR: Yeah. I don't have an issue with that, your Honor. Um, we need
10 to visit what we are going to do with the case with our client and the disposition of the case is
11 something which will come back I'm sure in front of the Court shortly.

12     JUDGE DONOVAN: Alright.

13     STEVEN SPECTOR: So we understand that the disclosure statement is disapproved in
14 light of the ruling on the Relief from Stay Motion. That doesn't trouble me. And I don't know
15 that there is anything else that needs to happen today.

16     JUDGE DONOVAN: Alright.

17     STEVEN SPECTOR: Thank you, your honor.

18     JUDGE DONOVAN: Thank you.

19     MR. MAKKABI: Thank you very much, your Honor.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1     I declare under penalty of perjury under the laws of the State of California that the
2 foregoing is true and correct transcript from the electronic sound recording of the proceedings in
3 the above-entitled matter.

4
5 _____       1/15/10 _____
   Transcriber                                                   Date

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| In re: FAWN RIDGE PARTNERS, LP | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-15088-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document described **APPELLANT FAWN RIDGE PARTNERS, LP's NOTICE OF LODGMENT OF TRANSCRIPT O NOVEMBER 18, 2009 HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 15, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- David F Makkabi    cmartin@pprlaw.net
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com
- Cassandra J Richey    cmartin@pprlaw.net
- Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On January 15, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor
Fawn Ridge Partners, LP
9606 Santa Monica Blvd., Third Floor
Beverly Hills, CA 90210

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 15, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas B. Donovan, United States Bankruptcy Court - Central District of California, Edward R. Roybal Federal Building and Courthouse 255 E. Temple Street, Suite 1352 Los Angeles, CA 90012 (via Personal Delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/15/10 | Sandra I. Alarcon | /s/ Sandra I. Alarcon |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    **F 9013-3.1**